IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAFFIE BROCKMAN,
    Plaintiff,

vs.                                             CASE NO. 4:09-cv-280/RS-WCS

TOYS "R" US- DELAWARE, INC.,
    Defendant.
_____/

# ORDER

Before me are Plaintiff's letter to the Court (Doc. 77) and Defendant's Motion for Summary Judgment (Doc. 51).

## Background

This case is in its final stages. Jury trial in this case was originally scheduled for April 12, 2010 (Doc. 44). Plaintiff's retained counsel filed her motion to withdraw from this case (Doc. 54) four days after Defendant filed its motion for summary judgment. Based on Plaintiff's counsel's ethical concerns, I granted Plaintiff's counsel leave to withdraw on March 16, 2010, and rescheduled the trial for July 26, 2010 (Doc. 59). Since that time, I have twice ordered Plaintiff to retain new counsel or to proceed *pro se* in this case and to respond to Defendant's motion for summary judgment. (Docs. 64 and 67). On May 18, 2010, I concluded that because Plaintiff had failed to hire new counsel in a timely

manner that she intended to proceed *pro se* and informed Plaintiff that no further delay would be permitted. (Doc. 75). I also ordered Plaintiff to file a response to Defendant's motion for summary judgment not later than May 28, 2010, which she has failed to do.

## Appointment of Counsel

In her letter, Plaintiff asks the Court to appoint counsel because she has been unable to find replacement counsel. A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a district court has broad discretion under 28 U.S.C. § 1915(d) to appoint counsel for indigent litigants in civil cases. *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999). The Eleventh Circuit has stated that appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances . . . ." *Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990); *Thomas c. Montgomery County Bd. of Educ.*, 169 F. App'x 562, 565 n. 4 (11th Cir. 2006). The Fifth Circuit, which also applies the "exceptional circumstances" test has elaborated that "[t]he existence of such circumstances will turn on the quality of two basic factors – the type and complexity of the case, and the abilities of the individual bringing it." *Jackson v. Dallas Police Dep't.*, 811 F.2d 260, 266 (5th Cir. 1986).

In applying *Jackson* two-prong analysis, I find that the type of this case is routine and the facts of this case do not appear to be complex. As for the second

prong, I find that Plaintiff has not demonstrated to the Court the type or severity of psychological infirmity that would hamper her ability to adequately represent herself at trial. Consequently, the Court shall not appoint counsel to represent Plaintiff in this matter.

## Dismissal Versus Summary Judgment

Under the Local Rules, failure to file a responsive memorandum to a motion for summary judgment "may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(c)(1). Because of Plaintiff's lack of sophistication, I find that granting summary judgment on this basis unwarranted. Nevertheless, I will not permit this case to languish any longer. A district court need not await a motion from a plaintiff to permit voluntary dismissal and may act *sua sponte* to dismiss under Rule 41(a)(2). *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 n. 1 (11th Cir. 2001).

A voluntary dismissal without prejudice is not a matter of right. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir. 1991). A district court has broad discretion when determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856-57. "The crucial question to be

determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). In exercising its discretion, a district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions as are deemed appropriate." *McCants*, 781 F.2d at 857. Additionally, when considering a dismissal without prejudice, "the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher*, 940 F.2d at 1503.

While Defendant would likely argue that dismissal without prejudice is inappropriate because it had invested considerable resources in defending the action, including by preparing the pending summary judgment motion, such arguments are insufficient to establish legal prejudice. *Pontenberg*, 252 F.3d at 1256. Additionally, the mere fact that the case has proceeded to the summary judgment stage does not preclude the grant of dismissal without prejudice. *Id.* at 1258 ("We decline to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice.").

Where, as here, the "practical prejudice" to a defendant are the costs associated with defending the litigation, it is appropriate for the court to alleviate the prejudice "by the imposition of costs or other conditions." *McCants*, 781 F.2d

at 859.  Pursuant to Fed. R. Civ. P. 41(d), "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action . . . ."  Therefore, to properly remedy any financial prejudice suffered by Toys "R" Us, the court shall assess all costs against Plaintiff pursuant to Fed. R. Civ. P. 41(d) if Plaintiff re-files her action against Toys "R" Us.  *See Potenberg*, 252 F.3d at 1260 (upholding similar condition).

## Conclusion

**IT IS ORDERED**:

1. Plaintiff's request for appointed counsel is **denied.**

2. This case is **dismissed without prejudice**.  If Plaintiff re-files her action against Toys "R" Us, the court **shall assess all costs** against Plaintiff pursuant to Fed. R. Civ. P. 41(d).

3. Defendant's Motion for Summary Judgment (Doc. 51) is **denied as moot**.

4. The clerk is directed to close the file.

**ORDERED** on June 3, 2010.

                                     /S/ Richard Smoak
                                     **RICHARD SMOAK**
                                     **UNITED STATES DISTRICT JUDGE**